UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH DEAN PULLUM,<br><br>Defendant. | Case No. 2:60-cr-00494-MMD-CWH<br><br>ORDER |

Before the Court is Defendant Kenneth Dean Pullum's Motion to Seal Records relating to his November 10 and November 26, 1960, convictions in this Court. (Dkt. no. 2.) He asks the Court to issue an order sealing: (1) all records in its custody relating to these convictions; and (2) related records in the custody of "another court in the State of Nevada or of a public or private agency, company or official of the State of Nevada . . . ." (*Id.* at 2.) The Court ordered the government to respond to Mr. Pullum's Motion and has considered the government's response. (Dkt. no. 5.)

The Court construes Mr. Pullum's Motion as a request for expungement. In a motion for expungement, a defendant does not seek to nullify or cancel his conviction but instead seeks "the judicial editing of history," in which he "asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (quotations omitted). The Ninth Circuit has recognized two sources of authority by which courts may expunge records of a criminal conviction: statutes and the court's inherent authority. *See id.* Mr.

Pullum does not cite any statute that would permit the expungement of his federal convictions[1], nor is this Court aware of one. Instead, Mr. Pullum apparently relies on the Court's inherent authority.

The Ninth Circuit has held that a Court cannot utilize its inherent authority to expunge for exclusively equitable reasons. *See United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). The Court's inherent authority can only be used appropriately in "extreme circumstances," *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991), and is "limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Sumner*, 226 F.3d at 1014. Mr. Pullum does not assert that his arrest or conviction was unlawful nor does he allege that a clerical error occurred. Instead he asserts that he has not had any significant contact with law enforcement following the completion of his sentences in the instant matter and that, as a result, the records related to these convictions should be sealed. (*See* dkt. no. 2 at 2.) As a result, the Court construes Mr. Pullum's Motion as a request for expungement based solely on equitable reasons. However, the Court does not have the authority to grant Mr. Pullum's the relief he is seeking.

It is therefore ordered that Defendant Kenneth Dean Pullum's Motion to Seal Records (dkt. no. 2) is denied.

DATED THIS 9th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Pullum's Motion does appear to borrow language from N.R.S. § 179.245, which governs the ability of state courts to seal records of criminal convictions. Because this case involves felony convictions in federal court, N.R.S. § 179.245 does not apply.

2